IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 97-20123
Summary Calendar

———————————

JOHNNY R. SIMMONS,

Plaintiff-Appellant,

versus

D. D. KOLODZIK; VILLARREAL, Deputy;
JOHNNY KLEVENHAGEN; TOMMY THOMAS, Sheriff,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-94-CV-3035
- - - - - - - - - -

September 24, 1998

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Johnny Simmons, Texas prisoner #578087, appeals the district court's grant of summary judgment dismissing his suit brought under 42 U.S.C. § 1983. Simmons contends that the district court erred in granting summary judgment in favor of Deputy Kolodzik, Deputy Villarreal, Johnny Klevenhagen, and Tommy Thomas on his claims of excessive force, retaliation, and conspiracy.

—————————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

When considering an excessive-force claim, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). In order to have an actionable excessive-force claim, the plaintiff must show some injury; de minimis uses of physical force are not constitutionally protected. See Knight v. Caldwell, 970 F.2d 1430, 1432 (5th Cir. 1992).

In response to the summary-judgment motions of Kolodzik and Thomas, Simmons submitted an unsworn declaration made under penalty of perjury. Simmons' unsworn declaration was competent summary-judgment evidence. See 28 U.S.C. § 1746; Nissho-Iwai American Corp. v. Kline, 845 F.2d 1300, 1306 (5th Cir. 1988). In that declaration, Simmons stated that Kolodzik, Villarreal, and a third deputy beat him into a state of unconsciousness after a prior altercation with Kolodzik while he was handcuffed and inside an elevator.

The district court discounted Simmons' unsworn declaration, stating that it was "insubstantial." We do not agree. Simmons' unsworn declaration flatly contradicted the summary-judgment evidence of Kolodzik and Thomas and created a fact issue "whether force was applied . . . maliciously and sadistically to cause harm." See Hudson, 503 U.S. at 7. The district court's grant of summary judgment in favor of Kolodzik and Villarreal on Simmons' excessive-force claim was inappropriate in light of this fact issue.

The district court's judgment cannot be affirmed on the basis of qualified immunity. See Hanchey v. Energas Co., 925 F.2d 96, 97 (5th Cir. 1990)(district court's judgment may be affirmed on alternate grounds). Qualified immunity is an affirmative defense which must be pleaded by the party. Harlow v. Fitzgerald, 457 U.S. 800, 815 (1982). Villarreal did not file an answer in this case nor assert qualified immunity as an affirmative defense. Although Kolodzik asserted qualified immunity in his answer and motion for summary judgment, Simmons' unsworn declaration created a fact issue whether Kolodzik's conduct was objectively reasonable. See Rankin v. Klevenhagen, 5 F.3d 103, 105 (5th Cir. 1993).

Accordingly, the district court's judgment in favor of Kolodzik and Villarreal on Simmons' excessive-force claim is VACATED and REMANDED for further proceedings. Simmons' remaining claims of retaliation and conspiracy are without merit. The district court's judgment in favor of Kolodzik and Villarreal is AFFIRMED as to those claims. Simmons has abandoned all of his claims against Thomas and Klevenhagen by failing to raise and argue those claims in his main brief on appeal. See Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir. 1994). Accordingly, the district court's judgment in favor of Thomas and Klevenhagen is AFFIRMED in all respects.

AFFIRMED IN PART, VACATED AND REMANDED IN PART.